Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
Email: andy@stavroslaw.com

*Attorney for Plaintiff Georgia Yalanis*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR**

**THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GEORGIA YALANIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>POLARITYTE, INC., a Nevada corporation,<br><br>Defendant. | **COMPLAINT**<br><br>**(JURY DEMAND)**<br><br>Case No.: 2:20-cv-00302-HCN<br><br>Judge: Howard C. Nielson, Jr. |

Plaintiff Georgia Yalanis, by and through her counsel, brings this complaint ("Complaint") against Defendant PolarityTE, Inc. and for causes of action against Defendant alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Georgia Yalanis (hereinafter "Plaintiff" or "Yalanis"), at all times relevant hereto, was a resident of the State of Utah, Salt Lake County.

1

2. PolarityTE, Inc. is a Nevada corporation with its principal office and place of business located at 123 Wright Brothers Drive Salt Lake City, Utah 84116. (PolarityTE, Inc. is hereinafter referred to as "Defendant" or "PolarityTE ").

3. At all times relevant to this complaint, PolarityTE was an employer (or covered entity, as applicable) within the meaning of Title VII, 42 U.S.C. § 2000e(b).

4. At all times relevant to this complaint, Yalanis was an employee of PolarityTE within the meaning of Title VII, 42 U.S.C. § 2000e(f).

5. Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1343(4).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

7. Yalanis filed a timely charge of discrimination with the Utah Labor Commission, Antidiscrimination and Labor Division ("UALD") and the Equal Opportunity Commission ("EEOC") alleging harassment, discrimination, and retaliation based on gender and related claims on or about May 29, 2019, and received a notice of right to sue from the EEOC dated February 25, 2020, which is attached hereto as **Exhibit A**.

## FACTUAL BACKGROUND

9. As set forth in more detail herein, during her employment with Defendant, Yalanis was subject to sexual harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e et seq. ("Title VII").

10. Yalanis is female.

11. Yalanis was hired by PolarityTE in May, 2017. She was originally hired to work as Director of Regenerative Aesthetics and held the title of Senior Director of Corporate Executive Programs and Director of Translational Medicine and Product Development.

12. Yalanis's job duties consisted of initiating and overseeing research projects for various types of products, including describing needed studies, describing the clinical value of potential products and contributing to patents based on the research conducted for PolarityTE. Yalanis served as a liaison between departments to mitigate the CEO's time in non-essential meetings as well as provide clinical and safety insight to the manufacturing processes.

13. Throughout her employment, Yalanis was an exceptional employee and always received positive performance reviews. In fact, because of Yalanis's performance, in or about June 19, 2018, Yalanis met with the CEO, Denver Lough ("Lough"), for her annual performance review. During the meeting, Lough stated that Yalanis "deserved to be promoted and receive a bonus."

14. Lough then told Yalanis to receive the promotion she needed to follow up with the Human Resources Department because the "decision was not up to him." Lough continued and stated that he needed to be "careful" because promoting Yalanis could be viewed as favoritism.

15. Because of her performance, Yalanis was subsequently promoted to the Senior Director of Corporate Executive Programs and Director of Translational Medicine and Product Development. However, despite holding two very different positions with different titles Yalanis was denied a competitive salary for her position. Specifically, Yalanis was not promoted to the same level and therefore was paid substantially lower that her male colleagues with similar roles in the company and backgrounds. For example, she was paid less than at least two employees, Naveen Krishnan ("Krishnan") and Ryan Mathis ("Mathis"), both of whom were promoted to Vice Presidents, received additional stock options, and salary in excess of hers within months of their hire date.

16. After learning of these discrepancies, Yalanis complained to PolarityTE's Compliance and Human Resources Departments. Immediately after making her initial e complaint, Yalanis began to be treated differently by Lough and other executives of the company, including, Jen Burdman, Cameron Hoyler, Ivy Estabrooke, Kolby Day, Ned Swanson, Roy Prasad, Mark Lehman, as well as other employees of the Legal, R&D, Operations and Executive Team.

17. Yalanis was also belittled and disparaged by Company officers, and had items thrown at her by Ned Swanson ("Swanson"), COO of Defendant. Specifically, in or about April 2018, Swanson, became hostile during a company meeting and threw a syringe at Yalanis.

18. Yalanis was later informed by several employees (including Alain Adam and Ryan Wirick, fellow colleagues) that employees had been told by Lough and other members of the Executive Team to avoid Yalanis and were notified that if they spoke to her that they could be denied a promotion and/or advancement with PolarityTE.

19. Yalanis was also subjected to harassment by some of her male colleagues.

20. For example, Yalanis was informed by Alain Adam, PolarityTE's previous Vice President of Sales, that various executives were slandering Yalanis, including making up false claims that she was engaging in inappropriate behavior with certain executives of PolarityTE and having personal relationships with them outside of work. These allegations were false. Also, on multiple occasions, Lough suggested that Yalanis should engage in a relationship with certain executives to "calm them down" so they would perform better.

21. The harassment continued and on or about September 6-8, 2018, Yalanis travelled to the APWCA conference in Baltimore, Maryland with Naveen Krishnan, Nikolai Sopko, and Joe Abdo. One evening during the conference, Nikolai Sopko ("Sopko") began to talk

inappropriately about other female sales representatives at the conference.  Nikolai Sopko then asked Yalanis to "go get one" of the females so he could invite her to a party they were attending.  Yalanis declined and immediately reported the incidence to the company's IP Attorney, Jen Burdman, who stated, "Boys are yucky, this is just what women deal with in Corporate America."

22. In response, Burdman suggested that if Yalanis did not like how the executives were treating women, she should not attend conferences with them.

23. Yalanis was often "paraded" around with investors or other people Denver wanted to impress.  It was widely acknowledged by female executives, as well as Yalanis's colleagues, that she was only in certain meetings to be "a pretty face" and make Denver look good.  On one such occasion, at an investor conference in NYC in the Spring of 2018, Cameron Hoyler introduced everyone from Defendant's team at dinner, except Yalanis.

24. Yalanis was also never addressed by her full title or with her medical credentials at conferences or meetings, and Defendant would always "forget" to put her credentials on her name tags for trade shows.

25. Yalanis was also questioned privately on multiple occasions by Jen Burdman about her "relationship" with Denver in attempts to get her to admit to an inappropriate sexual relationship.

26. On or about September 28, 2018, Yalanis made a another regarding the harassment she was being subjected to and the conduct of certain male colleagues who worked with her.  In response, instead of investigating Yalanis's complaint, PolarityTE opened an investigation into Yalanis and alleged that she was engaging in inappropriate conduct.

27. PolarityTE's General Counsel hired an employment law attorney ("the attorney") in or about October 2019, in order to investigate Yalanis.

28. On or about October 24, 2018, Yalanis met with the attorney and the Director of Human Resources, after she was told her continued employment was conditioned on meeting with the attorney. During the meeting, Yalanis discussed the ongoing harassment, discrimination, and retaliation she was being subjected to. The attorney then stated that the treatment Yalanis was experiencing was "not a problem" and Yalanis was given a document to review and sign regarding the findings of the investigation. The investigation was a sham.

29. After Yalanis's complaints she was subjected to harassment, sexual harassment, and discrimination, because of her gender and also in terms of pay, wherein she was paid substantially less than that of her male colleagues with similar backgrounds and also in terms of the conditions of her job, including, being denied resources, staffing, project autonomy and decision-making, more specifically, she was denied the ability to vocalize or implement changes in areas requiring additional safety measures and research testing.

30. Yalanis was also denied multiple opportunities for a promotion as given to her male colleagues, and instead was subjected to an investigation based on false claims, and ultimately subjected to adverse action by being terminated from her employment.

31. On or about January 23, 2019, Yalanis was terminated from her position.

## FIRST CAUSE OF ACTION
**(Sex Discrimination in Violation of Title VII of the Civil Rights Act)**

32. Yalanis incorporates by this reference all allegations listed in paragraphs 1 through 31 above as if alleged in full herein.

33. Title VII, 42 U.S.C. § 2000e-2(a)(1), makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment, because of sex.

34. Yalanis is female and was subjected to unlawful sex discrimination by PolarityTE, in violation of Title VII.

35. Yalanis was subjected to adverse actions when she was denied promotions, pay raises and ultimately terminated from her position of employment with PolarityTE.

36. Yalanis's sex was the motivating factor for PolarityTE's adverse actions.

37. In addition, PolarityTE's proffered reasons for terminating Yalanis are false and instead Polarity terminated Yalanis from her employment because of her gender and/or in retaliation for her complaints as alleged below.

38. Defendant's actions have directly and proximately cause Yalanis substantial past and future economic loss, including lost wages, damage to her career and professional reputation, humiliation and pain and suffering, emotional distress, and other compensatory damages in an amount to be determined at trial.

39. Defendant's unlawful conduct toward Yalanis in violation of Title VII was done intentionally and maliciously or in reckless disregard of Yalanis's federally protected rights entitling her to an award of punitive damages in an amount to be proved at trial.

40.. Yalanis is also entitled to recover attorneys' fees and costs incurred in bringing this action.

**SECOND CAUSE OF ACTION**
**(Sexual Harassment in Violation of Title VII of the Civil Rights Act)**

41. Yalanis incorporates by this reference all allegations listed in paragraphs 1 through 40 above as if alleged in full herein.

42. Yalanis was subject to unwelcome and offensive conduct, including conduct of a sexual nature directed towards Yalanis because of her gender.

43. PolarityTE knew, or reasonably should have known, through its management-level employees, that Yalanis was subjected to sexual harassment, and failed to take appropriate action to stop such harassment.

44. PolarityTE had a duty to maintain and prevent harassment it knew or should have known about. Notwithstanding such duty, PolarityTE failed to take sufficient remedial action to stop such harassment and enforce its own sexual harassment policies.

45. The harassment of Yalanis was severe and/or pervasive and altered the terms and conditions of Yalanis's employment and created an abusive working environment.

46. Polarity is directly liable for its supervisors' harassment of Yalanis and any harassment of Yalanis by co-workers it knew or should have known about.

47. PolarityTE failed to adequately respond to the notice of the hostile work environment and otherwise neglected to supervise and/or train its management-level and supervisory employees, and other employees in their intentional conduct toward Yalanis.

48. PolarityTE's actions or inactions have directly and proximately caused Yalanis substantial past and future economic loss, including lost wages and benefits, damage to her career and professional reputation, emotional distress, and pain and suffering, in an amount to be determined at trial.

49. PolarityTE's unlawful conduct toward Yalanis in violation of Title VII was done intentionally and maliciously or in reckless disregard of Yalanis's federally protected rights entitling her to an award of punitive damages in an amount to be proved at trial.

50. Yalanis is also entitled to recover attorneys' fees and costs incurred in bringing this action, and such other relief as is available under the law.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII of the Civil Rights Act)

51. Yalanis incorporates by this reference all allegations listed in paragraphs 1 through 50 above as if alleged in full herein.

52. Title VII prohibits retaliation against any employee for opposing unlawful discrimination or harassment, or because of the employee's participation in any manner in an investigation, proceeding, or hearing under Title VII.

53. Yalanis engaged in protected activity by opposing the treatment she and others received-which she reasonably believed constituted unlawful discrimination and complaining about the discrimination and harassment she endured as more fully alleged above.

54. Because of her protected activities, Yalanis was subjected to retaliation in the form of a denial of promotion, denial of pay raises, discriminatory treatment and harassment and being subject to investigation and termination from her employment.

55. PolarityTE's materially adverse actions against Yalanis were because of her protected activities under Title VII.

56. PolarityTE's actions or inactions have directly and proximately cause Yalanis substantial past and future economic loss, including lost wages, damage to her career,

humiliation and pain and suffering, severe emotional distress and other compensatory damages in an amount to be determined at trial.

57. PolarityTE's unlawful conduct toward Yalanis in violation of Title VII was done with reckless disregard for her federally protected rights, such that it should be subject to an award of punitive damages as well.

58. Yalanis is also entitled to reasonable expenses and attorneys' fees pursuant to Title VII.

59. Bailey requests trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

1. For judgment in Plaintiff's favor and against Defendant for all causes of action asserted in the Complaint;

2. For an award of all compensation, including lost wages and benefits not paid or otherwise lost during her employment with Defendant, including both front pay and back pay in an amount to be determined at trial;

3. For an award of compensatory damages in an amount to be determined by proof at trial, including damages for emotional distress, pain, suffering, humiliation and loss of enjoyment of life resulting from the discrimination, harassment and retaliation she experienced during her employment with Defendant;

4. For an award of punitive damages in an amount to be determined by proof at trial;

5. For an award of reasonable attorneys' fees and costs incurred in bringing this lawsuit, as allowed under applicable law;

6. For an award of pre-judgment and post-judgment interest as allowed by law; and

7. For such other and further relief as the Court deems just and equitable.

DATED this 7th day of May, 2020.

/s/ **Andrew W. Stavros**
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiff Georgia Yalanis*

**Serve Defendant at:**

Corporation Service Company (Registered Agent)
15 WEST SOUTH TEMPLE, Ste. 600
Salt Lake City, UT 84101