CHRISTOPHER W. DROUBAY (12078)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Email:        cwd@scmlaw.com
Telephone:    (801) 521-9000
Facsimile:    (801) 363-0400
*Attorneys for Defendants PolarityTE, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEORGIA YALANIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>POLARITYE, INC., a Nevada corporation, and POLARITYE, INC., a Delaware corporation,<br><br>Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT and JURY DEMAND**<br><br>Civil No. 2:20-cv-00302-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecelia M. Romero |

Defendants PolarityTE, Inc., a Nevada corporation and PolarityTE, Inc., a Delaware corporation, (hereinafter referred to as "Defendants"), by and through counsel, answer and deny the allegations of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendants admit the allegations contained in paragraph 1 of the Complaint based on information and belief.

2.      Defendants admit the allegations contained in paragraph 2 of the Complaint but deny the inference that PolarityTE, a Delaware corporation was required to register to do business in Utah.

3.      Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants deny the allegations in paragraph 4.

5.      Paragraph 5 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants admit that PolarityTE, a Delaware corporation employed Plaintiff.  Defendants deny the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6.      Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants admit that jurisdiction is proper in this court.

7.      Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants admit that venue is proper in this court.

8.      Defendants admit that the EEOC has issued a notice of right to sue.  Defendants deny the remaining allegations in paragraph 8 of the Complaint for lack of information or knowledge.

## FACTUAL BACKGROUND

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit that Plaintiff was hired by PolarityTE in May of 2017 and that she held the titles of Director of Regenerative Aesthetics and Senior Director of Executive Programs and Director of Translational Medicine & Product Development.

12.     Defendants deny Plaintiff's characterization of her job duties and functions.

13.     Defendants admit that Plaintiff met with Denver Lough in June of 2018 for a performance review.  Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff was given the title of Senior Director of Corporate Executive Programs and Director of Transitional Medicine and Product Development. Defendants aver that any disparity in compensation was based on experience, performance and other non-discriminatory criteria.  Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.  Defendants also deny the inference that she was discriminated against in any way.

16.     Defendants lack information sufficient to form an opinion as to the truth of the allegations related to alleged complaints made to Compliance and Human Resources and on that basis deny the same.  Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff traveled to the APWCA Conference with Naveen Krishnan, Nikolai Sopko, and Joe Abdo.  Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint. Moreover, Plaintiff has not identified the "female executives" to whom she refers in this allegation.

24.     Defendants are not aware of any instances of Plaintiff not being addressed by her full title or medical credentials at conferences or meetings.  As such, Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that Yalanis made certain accusations regarding male colleagues.  Defendants deny the remaining allegations contained in paragraph 26 of the Complaint and deny the inference that PolarityTE opened an investigation as retaliation.

27.     Defendants admit that it engaged outside counsel to investigate numerous complaints regarding the conduct of Plaintiff.

28.     Defendants admit that Ms. Yalanis met with the outside counsel and human resources.  Defendants deny that her employment was conditioned upon this meeting. Defendants admit that the outside counsel discussed with Plaintiff both the allegations against her and allegations made by Ms. Yalanis.  Defendants further admit that as a result of the investigation by outside counsel, Ms. Yalanis was presented with paperwork to review and sign.

Defendants deny the remaining allegations contained in paragraph 28 of the Complaint, including Plaintiff's characterization of the meeting.  Defendants deny that the investigation was a sham.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit that Plaintiff was terminated from her position in January of 2019.  Defendants deny any inference that the termination was based on discrimination or retaliation.

## FIRST CAUSE OF ACTION
### (Sex Discrimination in Violation of Title VII of the Civil Rights Act)

32.     Defendants reallege and incorporate by this reference its responses to previous paragraphs as though fully set forth herein.

33.     Paragraph 33 of the Complaint contains a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants aver that inside the provision of the statute Plaintiff has cited in paragraph 33 speaks for itself.

34.     Defendants admit that Plaintiff is a female.  Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff's employment was terminated.  Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

Defendants also deny the inference of unlawful conduct.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Sex Harassment in Violation of Title VII of the Civil Rights Act)**

41.     Defendants reallege and incorporate by this reference its responses to previous

paragraphs as though fully set forth herein.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants admits PolarityTE (Delaware) had duties imposed by state and federal

law.  Defendants deny that it had any duties inconsistent with those imposed by law.  Defendants

deny the remaining allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

Defendants also deny the inference of unlawful conduct.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of Title VII of the Civil Rights Act)**

51.     Defendants reallege and incorporate by this reference its responses to previous

paragraphs as though fully set forth herein.

6

52.     Paragraph 52 of the Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required at this time, Defendants admit only that Title VII speaks for itself.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint. Defendants also deny the inference that Plaintiff engaged in protected activities.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint. Defendants also deny the inference of unlawful conduct.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

**PRAYER FOR RELIEF**

60.     Defendants deny any and all allegations inherent in the Prayer for Relief.

61.     All allegations in Plaintiff's Complaint not expressly and specifically admitted herein are denied.

**DEFENSES**

Defendants reserve the right to amend the defenses and include additional defenses during the course of the litigation.  By listing a defense herein, Defendants are not representing that the defense is an affirmative defense or that Defendants bear the burden of proof.  As separate and distinct defenses to Plaintiff's claims for relief, and each of them, in the Complaint, Defendants allege as follows:

## SECOND DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

## THIRD DEFENSE

Plaintiff waived her rights, if any, to seek damages or other relief from Defendants.

## FOURTH DEFENSE

Plaintiff is estopped from asserting any and all causes of action against Defendants.

## FIFTH DEFENSE

Plaintiff is barred under the doctrine of unclean hands from all forms of equitable relief sought in the Complaint.

## SIXTH DEFENSE

Plaintiff is barred under the doctrine of laches from all forms of relief sought in the Complaint.

## SEVENTH DEFENSE

Defendants specifically deny violating any federal or state constitutional, statutory, or common law right of Plaintiff.

## EIGHTH DEFENSE

Plaintiff's actions violated applicable rules, regulations, policies, procedures, and/or standards of behavior.  The actions of Defendants were in response to Plaintiff's actions, and were reasonable and justified under the circumstances.

**NINTH DEFENSE**

Defendants are entitled to recover reasonable attorneys' fees against Plaintiff on the grounds that this action, in whole or in part, is unreasonable, frivolous, vexatious, without merit, and/or has not been brought or asserted in good faith.

**TENTH DEFENSE**

All acts or omissions of Defendants were undertaken in good faith, without malice, with probable cause, and were fully justified and reasonable under the circumstances.

**ELEVENTH DEFENSE**

Defendants had the right to terminate Plaintiff's employment.

**TWELFTH DEFENSE**

Plaintiff's claims are not justiciable.

**THIRTEENTH DEFENSE**

Defendants would have terminated Plaintiff's employment in any event on the basis of after-acquired evidence.

**FOURTEENTH DEFENSE**

Plaintiff may have failed to exhaust applicable procedural, administrative, statutory or judicial remedies otherwise available to her, and this action is therefore barred, in whole or in part.  If so, this action is also barred by Plaintiff's failure to satisfy one or more of the prerequisites to the filing of this action.

**FIFTEENTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.  Plaintiff is thereby barred, in whole or in part, from recovering monetary damages from Defendants.  In addition, or alternatively,

any compensation or benefits received from any source by Plaintiff after her position with Defendant terminated, must be applied to reduce any damages claimed by Plaintiff.

## SIXTEENTH DEFENSE

To the extent Plaintiff's claims are based on events that occurred outside the relevant statute of limitations, such claims are time barred.

## SEVENTEENTH DEFENSE

Any damage sustained by Plaintiff was solely caused or proximately contributed to by the culpable conduct of Plaintiff, said culpable conduct being equal to or greater than the culpable conduct, if any, of Defendants.

## EIGHTEENTH DEFENSE

An award of punitive damages in this case is barred by the Due Process Clause of the Fifth Amendment of the United States Constitution, and by Article I, Section 7 of the Utah Constitution.

## NINETEENTH DEFENSE

The Sixth Amendment of the United States Constitution, and Article I, Section 10 of the Utah Constitution, prohibit an award of punitive damages unless there is a unanimous verdict. Plaintiff must prove each and every element of a punitive damage award beyond a reasonable doubt or, in the alternative, by clear and convincing evidence.

## TWENTIETH DEFENSE

Under no circumstances may any defendant be held vicariously liable for an award of punitive damages.

## TWENTY-FIRST DEFENSE

Any punitive damages are subject to the limitations and requirements of Utah Code Annotated § 78B-8-201.

## TWENTY-SECOND DEFENSE

Under the provisions of the Utah Code Annotated § 78B-8-201, a portion of any punitive damage award goes to the State of Utah and, therefore, constitutes an excessive fine made unconstitutional under the Eighth Amendment of the United States Constitution, and Article I, Section 9 of the Utah Constitution.

## TWENTY-THIRD DEFENSE

Defendants expressly reserve the right to amend its answer to add additional defenses.

## JURY DEMAND

Defendants demand trial by jury of the above-captioned matter.

WHEREFORE, Defendants prays judgment as follows:

1.     That Plaintiff take nothing from Defendants by way of her Complaint and that the Complaint against Defendants be dismissed with prejudice;

2.     That Defendants be awarded its costs of suit, including reasonable attorneys' fees incurred herein; and

3.     That this Court award Defendants such other and further relief as may seem just.

DATED this 27th  day of July, 2020.

               SNOW, CHRISTENSEN & MARTINEAU

               /s/ Christopher W. Droubay
               Christopher W. Droubay
               *Attorneys for Defendants PolarityTE*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 27th day of July, 2020, I served a true and correct copy

of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT and JURY DEMAND**,

via the Court's electronic filing system which will send notification to the following:

Andrew W. Stavros
Stavros Law P.C.
8915 South 700 East, Suite 202
Sandy, Utah  84070


/s/De Anne W. Barron_____

4832-7907-8850, v. 1

13